1  Michael D. Kuznetsky, Esq., California State Bar No. 241045
   mike@kuzlaw.com
2  KUZNETSKY LAW GROUP, P.C.
   6565 Sunset Boulevard, Suite 311
3  Hollywood, CA 90028
   (818) 753-2450, Fax: (818) 736-9099
4
5  Gene J. Brockland, Missouri State Bar No. 32770
   (*To File an Application to be Admitted Pro Hac Vice*)
   gjb@herzogcrebs.com
6  HERZOG CREBS LLP
   100 North Broadway, Suite 1400
7  St. Louis, MO 63102
   (314) 231-6700, Fax: (314) 231-4656
8
9  Attorneys for Plaintiff

10             **UNITED STATES DISTRICT COURT**

11            **CENTRAL DISTRICT OF CALIFORNIA**

12

13  JOHN RAIMONDI,                          )  Case No. SACV12-2094-DOC
                                            )            (RNBx)
14              Plaintiff,                  )
                                            )  **COMPLAINT FOR DAMAGES**
15  vs.                                     )  **FOR:**
                                            )
16  IGOR OLENICOFF, OLEN PROPERTIES CORP.,  )  **(1) COPYRIGHT INFRINGEMENT;**
    and DOES 1 through 10, inclusive,       )  **(2) CONTRIBUTORY COPYRIGHT**
17                                          )  **INFRINGEMENT; AND**
                Defendants.                 )  **(3) VICARIOUS COPYRIGHT**
18  _____)  **INFRINGEMENT**
                                            )
19                                             **DEMAND FOR JURY TRIAL**

20  ///

21  ///

22  ///

23

24

25

26

27

28

                              1
                 _____
                      **COMPLAINT FOR DAMAGES**

1  COMES NOW Plaintiff, JOHN RAIMONDI for his Complaint against IGOR

2  OLENICOFF, OLEN PROPERTIES CORP., and DOES 1 through 10, inclusive, (collectively

3  "Defendants"), and alleges as follows:

4  ## JURISDICTION AND VENUE

5  1.      This is an action involving claims of copyright infringement under the Copyright

6  Act, 17 U.S.C. §§ 101, *et seq.*  The Court has jurisdiction over Plaintiff's federal claims

7  pursuant to 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. §§ 1331 and 1338(a).

8  2.      This Court has personal jurisdiction over Defendants, IGOR OLENICOFF and

9  OLEN PROPERTIES CORP. based on their significant contacts in the Central District of

10  California and elsewhere in the United States arising from, among other things, their

11  infringement in the Central District of California of copyright rights protected by United States

12  and California law, and their other continuous and systemic contacts within the Central District

13  of California.

14  3.      Venue in this judicial district is proper under 28 U.S.C. §1391(b) and/or 28

15  U.S.C. §1400(a).

16  ## THE PARTIES

17  4.      Plaintiff, JOHN RAIMONDI (hereafter "Plaintiff" or "RAIMONDI") is an individual

18  and a citizen of Palm Beach Gardens, Florida.

19  5.      Plaintiff is informed and believes, and thereon alleges, that Defendant, IGOR

20  OLENICOFF (hereafter "OLENICOFF") is an individual and citizen of California residing within

21  the County of Orange, California.

22  6.      Defendant, OLEN PROPERTIES CORP. (hereafter "OLEN PROPERTIES") is

23  a corporation organized and existing under the laws of the State of Florida, with its principal

24  place of business within Newport Beach, California. OLEN PROPERTIES is registered and/or

25  qualified to do business in the State of California and has an agent for service of process in

26  Newport Beach, California.

27  7.      The true names and capacities, whether individual, corporate, associate or

28  otherwise, of defendants DOES 1 through 10 inclusive, are unknown to Plaintiff, who

**COMPLAINT FOR DAMAGES**

1   therefore sue said defendants by such fictitious names.  Plaintiff will amend this Complaint

2   to include their proper names and capacities when they have been ascertained.  Plaintiff is

3   informed and believes, and based thereon alleges, that each of the fictitiously named

4   defendants participated in and are in some manner responsible for the acts described in this

5   Complaint and damage resulting therefrom.

6         8.     Plaintiff alleges on information and belief that each of the defendants named

7   herein as DOES 1 through 10 inclusive, performed, participated in, or abetted in some

8   manner, the acts alleged herein, proximately caused the damages alleged hereinbelow, and

9   are liable to Plaintiff for the damages and relief sought herein.

10         9.     Plaintiff alleges on information and belief that, in performing the acts and

11   omissions alleged herein, and at all times relevant hereto, each of the Defendants was the

12   agent and employee of each of the other Defendants and was at all times acting within the

13   course and scope of such agency and employment with the knowledge and approval of each

14   of the other Defendants.

15   **<u>FACTUAL ALLEGATIONS</u>**

16         10.    This is an action arising under the Copyright Act, 17 U.S.C. §101 *et seq.*, for

17   knowing and intentional infringement of Plaintiff's copyrighted works; namely unauthorized

18   copies of Plaintiff's sculptures entitled "Dian" and "Ceres."

19         11.    At all times mentioned herein, OLENICOFF was and is a billionaire real estate

20   developer and, according to Forbes, is one of the 150 wealthiest persons in America.

21   Between 1998 and 2004, OLENICOFF maintained foreign bank accounts through a series

22   of shell companies designed to obscure his ownership and control.  During those years

23   OLENICOFF falsely stated under the penalty of perjury on his U.S. tax returns that he had no

24   interest in any foreign accounts.  His blatant deceit was discovered by the IRS and the United

25   States Department of Justice, and he was prosecuted for criminal tax fraud.  Faced with the

26   overwhelming evidence of his crimes, OLENICOFF pled guilty and admitted under oath that

27   he had knowingly and willfully lied on his tax returns for a period of at least seven years.  He

28   ///

3

**COMPLAINT FOR DAMAGES**

1  was convicted and as part of his sentence required to pay over $50 million to the United

2  States government.

3        12.    OLENICOFF is the President of OLEN PROPERTIES.  Plaintiff is informed and

4  believes, and thereon alleges, that OLENICOFF is the sole owner of OLEN PROPERTIES.

5        13.    OLEN PROPERTIES owns approximately 11,000 residential units and 6.25

6  million square feet of commercial space in California, Nevada, Florida, and Chicago.

7        14.    At all times mentioned herein, RAIMONDI was and is a contemporary American

8  sculptor of international distinction and renown.  He is celebrated and collected as a creator

9  and builder of monumental works that are solid in form and fluid in movement.  RAIMONDI

10  has completed more than 100 monumental sculptures for public, corporate, and private

11  collections worldwide.

12        15.    In 1987, RAIMONDI created a sculpture entitled "Dian."  Dian is sold in limited

13  editions of various sizes.  RAIMONDI's price to sell monumental editions of the Dian sculpture

14  is at least $200,000 each.  True and correct photographs of the Dian sculpture are attached

15  hereto as Exhibits C and D.

16        16.    In 1994, RAIMONDI created a sculpture entitled "Ceres."  Ceres is sold in limited

17  editions of various sizes.  RAIMONDI's price to sell monumental editions of the Ceres

18  sculpture is at least $200,000 each.  True and correct photographs of the Ceres sculpture are

19  attached hereto as Exhibits E and F.

20        17.    In or about 2001, OLENICOFF contacted RAIMONDI to discuss purchasing

21  some of RAIMONDI's editions of the Dian and Ceres sculptures (collective the "Sculptures")

22  for use as public art at Defendants' commercial property locations.  The Sculptures were to

23  be custom-made for Defendants, as they were not in RAIMONDI's inventory.  Defendants

24  represented to RAIMONDI that they were interested in purchasing his art in order to comply

25  with city ordinance(s) requiring developers to spend a certain percentage of money on public

26  art; in this instance between $100,000 and $250,000.

27        18.    RAIMONDI flew to Defendants' headquarters in Newport Beach, California,

28  where OLENICOFF and RAIMONDI discussed the transaction in person on two separate

**COMPLAINT FOR DAMAGES**

occasions.  At the second meeting, RAIMONDI left OLENICOFF requested photographs, detailed drawings, and a price sheet of the Sculptures; in particular, OLENICOFF requested photographs showing multiple views of the Sculptures.  Defendants submitted such photographs of RAIMONDI's Sculptures to the City of Brea for consideration of complying with the public art requirement.

19.   Beginning approximately ten days after the second meeting, OLENICOFF refused to speak with RAIMONDI.  Defendants instead had an assistant relay to RAIMONDI that OLENICOFF had a change of heart about the Sculptures.

20.   Instead of purchasing the Sculptures from RAIMONDI, Defendants, at their direction, had multiple unauthorized and infringing copies of the Sculptures manufactured in China.

21.   At least 2 monumental unauthorized copies of the Dian sculpture were installed by Defendants at various commercial properties owned by Defendants.  True and correct photographs of the infringing Dian sculptures are attached hereto as Exhibits G and H.

22.   At least 2 monumental unauthorized copies of the Ceres sculpture were installed by Defendants at various commercial properties owned by Defendants.  True and correct photographs of the infringing Dian sculptures are attached hereto as Exhibits I and J.

23.   Defendants have further publicly displayed photographs of their infringing sculptures on their company website without Plaintiff's authorization.  True and correct screen shots of the infringing Dian and Ceres sculptures on OLEN PROPERTIES' website are attached hereto as Exhibits K and L, respectively.

24.   RAIMONDI discovered the infringing sculptures alleged herein beginning in or about September 2010.  At that time, RAIMONDI was contacted by a representative from the City of Brea who noticed the works at Defendants' buildings which attributed credit to a Chinese artist.  The representative was aware that the works had previously been submitted to the City of Brea by Defendants listing RAIMONDI as the artist and thus advised of the infringement.

///

COMPLAINT FOR DAMAGES

25.     At no point did RAIMONDI authorize the Defendants' manufacture, replication, or public display of the Sculptures.

### FIRST CAUSE OF ACTION

### COPYRIGHT INFRINGEMENT

### (By Plaintiff Against All Defendants and DOES 1 through 10)

26.     Plaintiff realleges each and every allegation set forth above, and incorporates them herein by this reference.

27.     The two Sculptures contain a substantial amount of wholly original expression and are copyrightable subject matter under the laws of the United States.

28.     Plaintiff is the sole proprietor of all right, title, and interest to the Sculptures. Plaintiff has registered copyrights for the Sculptures in the United States Copyright Office. True and correct copies of the copyright registrations for the Dian and Ceres sculptures are attached hereto as Exhibits A and B, respectively.

29.     By manufacturing, replicating, and publicly displaying at least four unauthorized copies of Plaintiff's Sculptures, Defendants have infringed and will continue to infringe Plaintiff's exclusive rights in and to the Sculptures.

30.     Defendants, and each of them, have knowingly and willfully copied, reproduced, and publicly displayed the Sculptures in multiple locations owned by Defendants, and are otherwise infringing upon Plaintiff's exclusive rights in the Sculptures for the specific purpose of infringing Plaintiff's rights in and to the copyrights in the Sculptures for Defendants' own benefit and pecuniary interest and to the detriment of Plaintiff.  By copying, reproducing, and publicly displaying the Sculptures, Defendants have infringed Plaintiff's exclusive rights in and to the copyrights in the Sculptures.

31.     Pursuant to 17 U.S.C. § 504, Plaintiff seeks to recover actual damages suffered by Plaintiff as the result of Defendants' infringement and any and all profits of Defendants that are attributable to the infringement and are not taken into account in computing actual damages.

///

**COMPLAINT FOR DAMAGES**

32.     The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further contributing to infringing Plaintiff's copyright and ordering that each Defendant destroy all copies of the Sculptures made in violation of Plaintiff's exclusive rights to the copyright.

## SECOND CAUSE OF ACTION

### CONTRIBUTORY COPYRIGHT INFRINGEMENT

### (By Plaintiff Against All Defendants and DOES 1 through 10)

33.     Plaintiff realleges each and every allegation set forth above, and incorporates them herein by this reference.

34.     Plaintiff is informed and believes, and upon that basis alleges, that each defendant, with knowledge of the infringing activities of third parties and other of the Defendants, as well as with the ability to control same and the intent to themselves benefit, either directly or indirectly has infringed and threatens to further infringe the copyright in the Sculptures by the acts alleged herein and by participating in or otherwise knowingly contributing to the unauthorized manufacture, reproduction, and public display of the Sculptures within this judicial district and elsewhere, and each Defendant has induced, caused and materially contributed to, and continues to induce, cause and materially contribute to, the infringing conduct by such third parties and other defendants.

35.     The participation in or otherwise knowing contribution by Defendants to the unauthorized reproduction and public display of the Sculptures is in violation of 17 U.S.C. §§ 106(1) and 106(3).

36.     Defendants' reproduction and public display of the Sculptures is without any permission, license, or authorization from Plaintiff.

37.     Plaintiff has no adequate remedy at law and has suffered, and is continuing to suffer irreparable harm and damage as a result of the aforesaid acts of contributory copyright infringement.  Defendants are each liable in amounts within the jurisdiction of this Court.

///

7

38.    Plaintiff is informed and believes and upon that basis alleges, that the aforesaid contributory copyright infringement by Defendants of the Sculptures was and continues to be with the knowledge that the Sculptures are copyrighted, and that Defendants, and each of them, in doing the acts complained of herein, have willfully infringed Plaintiff's rights under the Copyright Laws of the United States, 17 U.S.C. §§ 101, *et seq.*

39.    Defendants have each obtained gains, profits, and advantages as a result of their respective wrongful acts in amounts within the jurisdiction of this Court.

40.    Plaintiff has suffered, and continues to suffer, direct and actual damages as a result of Defendants' wrongful conduct as alleged herein, in amounts within the jurisdiction of this Court.

41.    The foregoing acts of contributory infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

42.    As a result of each Defendant's contributory infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504.

43.    The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further contributing to infringing Plaintiff's copyright and ordering that each Defendant destroy all copies of the Sculptures made in violation of Plaintiff's exclusive rights to the copyright.

## THIRD CAUSE OF ACTION

### VICARIOUS COPYRIGHT INFRINGEMENT

### (By Plaintiff Against All Defendants and DOES 1 through 10)

44.    Plaintiff realleges each and every allegation set forth above, and incorporates them herein by this reference.

45.    At all times relevant herein, Defendants had the right and ability to supervise and/or control the infringing conduct of the manufacturers of the unauthorized copies of the Sculptures, without limitation, by requesting that the manufacturer make the unauthorized copies and supplying the manufacturer with detailed drawings and photographs for the

8

1   manufacturer to copy.  As a direct and proximate result, Defendants have infringed Plaintiff's

2   copyrights in the Sculptures as set forth above.

3        46.    At all times relevant herein, Defendants derived substantial financial benefit from

4   infringements of Plaintiff's copyrights in that, among other things, Defendants did not pay

5   RAIMONDI the customary price for the purchase of his Sculptures.  Further, the public display

6   of the infringing sculptures makes Defendants' properties more attractive to potential tenants,

7   as evidenced by Defendants' display of the infringing works on their website.

8        47.    The foregoing acts of infringement by Defendants have been willful, intentional,

9   and purposeful, in disregard of and indifference to the rights of Plaintiff.

10       48.    Defendants' conduct, as alleged herein, constitutes vicarious infringement of

11   Plaintiff's copyrights and exclusive rights under copyright, in violation of the Copyright Act, 17

12   U.S.C. §§ 106, 115, and 501.

13       49.    As a direct and proximate result of Defendants' vicarious infringement of

14   Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to actual

15   damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) for each infringement.

16       50.    The conduct of each Defendant is causing and, unless enjoined and restrained

17   by this Court, will continue to cause Plaintiff great and irreparable injury.  Pursuant to 17

18   U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from

19   further contributing to infringing Plaintiff's copyright and ordering that each Defendant destroy

20   all copies of the Sculptures made in violation of Plaintiff's exclusive rights to the copyright.

21                                    **PRAYER FOR RELIEF**

22       WHEREFORE, Plaintiff, JOHN RAIMONDI prays for judgment against Defendants, and

23   each of them, as follows:

24       1.    For actual damages resulting from Defendants' copyright infringement pursuant

25   to 17 U.S.C. § 504;

26       2.    For any and all profits of Defendants that are attributable to the infringement and

27   are not taken into account in computing actual damages pursuant to 17 U.S.C. § 504;

28   ///

**COMPLAINT FOR DAMAGES**

3.     For entry of preliminary and permanent injunctions providing that each Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the sculptures entitled "Dian" and "Ceres," and any sculpture, whether now in existence or later created, that is owned, licensed to, or controlled by Plaintiff ("Plaintiff's Sculptures"), except pursuant to a lawful license or with the express authority of Plaintiff.  Each Defendant also shall destroy all copies of Plaintiff's Sculptures that Defendant has at any of its locations without Plaintiff's authorization, or alternatively each Defendant shall deliver possession of such copies to Plaintiff, and shall be enjoined from otherwise selling, distributing, giving, or otherwise disposing of any unauthorized copies of Plaintiff's Sculptures.

4.     For interest provided by law.

5.     For such other and further relief against Defendants as the Court may deem just and proper.

Dated: December 3, 2012          By: _____

Michael D. Kuznetsky, Attorney for Plaintiff
KUZNETSKY LAW GROUP, P.C.
6565 Sunset Boulevard, Suite 311
Hollywood, CA 90028
mike@kuzlaw.com
Telephone No. (818) 753-2450

and

Gene J. Brockland
HERZOG CREBS LLP
100 North Broadway, Suite 1400
St. Louis, MO 63102
gjb@herzogcrebs.com
(314) 231-6700

///

///

///

**COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial pursuant to F.R.Civ.P. 38(b) and Local Central District Rule 38-1.

Dated: December ___, 2012          By: _____
                                         Michael D. Kuznetsky, Attorney for Plaintiff
                                         KUZNETSKY LAW GROUP, P.C.
                                         6565 Sunset Boulevard, Suite 311
                                         Hollywood, CA 90028
                                         mike@kuzlaw.com
                                         Telephone No. (818) 753-2450

                                         and

                                         Gene J. Brockland
                                         HERZOG CREBS LLP
                                         100 North Broadway, Suite 1400
                                         St. Louis, MO 63102
                                         gjb@herzogcrebs.com
                                         (314) 231-6700

11

```
Type of Work:       Visual Material

Registration Number / Date:
                    VA0001833637 / 2012-08-11

Application Title: Dian.

Title:              Dian.

Description:        Electronic file (eService)

Copyright Claimant:
                    John Richard Raimondi, 1948-  .

Date of Creation:  1987

Date of Publication:
                    1987-05-15

Nation of First Publication:
                    United States

Authorship on Application:
                    John Richard Raimondi, 1948-  ;  Domicile: United States;
                        Citizenship: United States. Authorship: sculpture.

Rights and Permissions:
                    John Richard Raimondi, 159 Sunset Bay Drive, Palm Beach
                        Gardens, FL, 33418, (561) 799-3484, (212) 888-5400,
                        jrsculptor@gmail.com

Names:              Raimondi, John Richard, 1948-
```

===============================================================================

http://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi

```
Type of Work:        Visual Material

Registration Number / Date:
                     VA0001833632 / 2012-08-11

Application Title: Ceres.

Title:               Ceres.

Description:         Electronic file (eService)

Copyright Claimant:
                     John Richard Raimondi, 1948-  .

Date of Creation:  1994

Date of Publication:
                     1994-04-22

Nation of First Publication:
                     United States

Authorship on Application:
                     John Richard Raimondi, 1948-  ;  Domicile: United States;
                         Citizenship: United States. Authorship: sculpture.

Rights and Permissions:
                     John Richard Raimondi, 159 Sunset Bay Drive, Palm Beach
                         Gardens, FL, 33418, (561) 799-3484, (212) 888-5400,
                         jrsculptor@gmail.com

Names:               Raimondi, John Richard, 1948-

================================================================================
```







