William L. Buus (SBN 180059)
SCHIFFER & BUUS APC
3070 Bristol Street, Suite 530
Costa Mesa, CA 92626
Telephone:   (949)825-6140
Facsimile:   (949)825-6141
Email:        wbuus@schifferbuus.com

Attorneys for Defendants
IGOR OLENICOFF and
OLEN PROPERTIES CORP.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RAIMONDI,<br><br>    Plaintiff,<br><br>  vs.<br><br>IGOR OLENICOFF, OLEN PROPERTIES CORP., and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 8:12-CV-02094-AG-RNB<br><br>Assigned to Hon. Andrew J. Guilford, Courtroom 10D<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION UNDER F.R.C.P. RULE 50 FOR JUDGMENT AS A MATTER OF LAW |

## A.  INTRODUCTION[1]

   Defendants IGOR OLENICOFF and OLEN PROPERTIES (hereinafter "Olen Properties") hereby submit this brief in support of its motion under Federal Rules of Civil Procedure, Rule 50, subsection (a), for judgment as a matter of law, which was raised during trial.  Initially, it must be mentioned that Olen Properties agreed in this case that it infringed the copyrighted works of Mr. Raimondi simply because the sculptures on public display at the commercial properties were

---

[1]  Although the Court's minute order of December 10, 2014 (ECF Doc. No. 68) indicates that this brief in support of Olen Properties' Rule 50(a) motion raised during trial was due on December 19, 2014, it is the recollection of counsel that the parties and the Court agreed this brief would be filed at the same time defendants' brief in opposition to plaintiff's request for permanent injunction would be filed; that is, on January 7, 2015.  Of course, defendants apologize for any inconvenience caused by this confusion.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR JUDGMENT AS A MATTER OF LAW

1  obviously substantially similar to the sculptures created by Mr. Raimondi and,
2  therefore, Olen Properties had no real argument of non-infringement, particularly
3  because the state of mind of Olen Properties and its degree of fault or intention was
4  immaterial.  Olen Properties recognized that, even though it purchased the
5  sculptures from a Chinese artist without knowing they were copies of sculptures
6  already created by Mr. Raimondi, it was nevertheless on the hook for infringement.
7  This is not a case where Olen Properties was creating and selling knock offs of Mr.
8  Raimondi's sculptures, although Mr. Raimondi approaches this action as if that
9  was the case.  If Mr. Raimondi wanted to take that approach in this case, he should
10 have named the Chinese artist who produced the subject sculptures as a defendant
11 in this case instead of merely naming the entities that purchased and displayed the
12 sculptures for public enjoyment.  The real problem for Mr. Raimondi here, though,
13 is that he never presented any evidence whatsoever that Olen Properties' display
14 and the public's enjoyment of the sculptures actually harmed him in any way.

15        Frequently, copyright-infringement plaintiffs prove actual damages by
16 presenting evidence of comparable license transactions or through an expert
17 witness who gives opinion testimony as to the value of such damages.  Mr.
18 Raimondi, however, never presented any evidence of comparable license
19 transactions and never designated any expert to testify on his behalf at trial.  In
20 fact, it wasn't until shortly before trial, that he realized he needed an expert and
21 attempted to give such testimony himself.  He was never allowed to give that
22 testimony, though, either because he failed to timely designate himself as an expert
23 witness or because he didn't provide a sufficient basis for the opinions about which
24 he wanted to testify.  The end result is that he was never able to present any
25 evidence upon which an actual damages award could be based and, therefore, this
26 motion should be granted.
27 ///
28 ///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR JUDGMENT AS A MATTER OF LAW

**B.   ARGUMENT**

**1.   JUDGMENT AS A MATTER OF LAW SHOULD BE ENTERED IN FAVOR OF OLEN PROPERTIES BECAUSE MR. RAIMONDI HAS FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUPPORT HIS CLAIM FOR ACTUAL DAMAGES OR INJUNCTIVE RELIEF.**

Rule 50 of the Federal Rules of Civil Procedure provides that, if a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may resolve the issue against the party and grant a motion for judgment as a matter of law. Fed.R.Civ.P. 50(a). The motion may be made at any time before the case is submitted to the jury and must specify the judgment sought and the law and facts that entitle the movant to the judgment. *Id.*

Essentially, a Rule 50 motion tests the sufficiency of the evidence offered in support of a party's claims. *McSherry v. City of Long Beach* (9th Cir. 2005) 423 F.3d 1015, 1020. A "mere scintilla of evidence" is generally insufficient to prevent entry of judgment as a matter of law. *Miller v. Fairchild Industries, Inc.* (9th Cir. 1989) 885 F.2d 498. Instead, the evidence offered in support of the claim at issue must be "substantial." *SEC v. Todd* (9th Cir. 2011) 642 F.3d 1207, 1215 (citing *Maynard v. City of San Jose* (9th Cir. 1994) 37 F.3d 1396, 1404). Judgment as a matter of law is proper where, as here, "the evidence permits only one reasonable conclusion as to the verdict." *Murray v. Laborers Union Local No. 324* (9th Cir. 1995) 55 F.3d 1445, 1454, quoting *McGonigle v. Combs*, 968 F.2d 810, 816 (9th Cir. 1992), cert. dismissed, 506 U.S. 948 (1992).

In the present action, Olen Properties raised this motion during trial on the ground that Mr. Raimondi has failed to present any evidence upon which to support his request for actual damages and permanent injunction and, as a result, judgment should be entered in favor of Olen Properties.

///

///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW

## 2.    MR. RAIMONDI HAS FAILED TO PRESENT ANY EVIDENCE OF ACTUAL DAMAGES.

Because Mr. Raimondi's claim for indirect profits was eliminated by stipulation and order, Mr. Raimondi is limited to claiming his actual damages suffered as a result of Olen Properties' display of the subject sculptures.  Mr. Raimondi, however, has not made any such showing.

The Ninth Circuit's Model Jury Instruction Number 17.23, which was requested by both Mr. Raimondi and Olen Properties to be read to the jury at trial in this case, provides as follows:

> The copyright owner is entitled to recover the actual damages suffered as a result of the infringement. Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement. The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant of the plaintiff's work. That amount also could be represented by the lost license fees the plaintiff would have received for the defendant's unauthorized use of the plaintiff's work.

This instruction properly states the law of recoverable damages in a copyright infringement suit and is in line with this circuit's case law.  *Jarvis v. K2 Inc.* (9th Cir. 2007) 486 F.3d 526, 533; *Wall Data Inc. v. Los Angeles County Sheriff's Department* (9th Cir. 2006) 447 F.3d 769, 786-87; see *Polar Bear Prods., Inc. v. Timex Corp.* (9th Cir. 2004) 384 F.3d 700, 710.  Typically, a "license price is established through objective evidence of benchmark transactions, such as licenses previously negotiated for comparable use of the infringed work, and benchmark licenses for comparable uses of comparable works."  *Oracle USA, Inc. v. SAP AG* (N.D. Cal. Sept. 1, 2011) 2011 WL 3862074 at *7 (citing *Jarvis, supra,* 486 F.3d 533-35; *Polar Bear, supra,* 384 F.3d at 709).

At trial, however, Mr. Raimondi did not present any evidence of any actual license fees he collected from any person to reproduce and publically display

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW

copies of *Ceres* and *Dian* or any comparable sculptures.  He also did not present any evidence of any license fees earned by other artists for comparable uses of comparable works.   Finally, he has not presented any expert witness testimony as to the reasonable value of his copyrights or any reduction in value to those copyrights as a result of the infringing activity.[2] Because of that, he has failed to present sufficient evidence showing he suffered actual damages resulting from the display of the subject sculptures.

It is important to note that, although Mr. Raimondi sold several versions of *Dian* during a five year period, he has not sold any additional versions since 1992. Likewise, Mr. Raimondi sold several versions of *Ceres* during the course of a few years, but has not sold any additional versions since 2000.  And, due to an utter lack of evidence presented by Mr. Raimondi, we don't know the extent to which those copyrights possess any remaining or residual value.  Any argument that an economic demand for those sculptures exists would be entirely speculative and, therefore, any argument that any hypothetical license to use the sculptural designs possessed value would be equally speculative.

Mr. Raimondi has also failed to present any evidence that the display of the subject sculptures have caused him to lose business.  In fact, he testified at trial that, overall, the prices of his sculptural works are much higher now (though he presented no documentary evidence of any recent sales or re-sales of any of his sculptural works) and, in fact, two new galleries are now displaying his works.  He presented absolutely no evidence that the display of the subject sculptures has caused him to lose sales of *Ceres*, *Dian*, or any other sculptural works or to suffer any type of loss of business.  Because Mr. Raimondi did not present any evidence

---

[2]     Actual damage is not measured by the fair market value of a work, but by "the extent to which the market value of a copyrighted work has been injured or destroyed by an infringement." *Frank Music Corp. v. Metro-Goldwyn Meyer, Inc.* (9th Cir. 1985) 772 F.2d 505, 512; see *Polar Bear, supra,* 384 F.3d 708.  Thus, even if Mr. Raimondi presented evidence concerning the value of the copyright, which he didn't, he must also demonstrate damage to that value, which he didn't.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW

1    upon which to measure his actual damages and this motion ought to be granted.

2         **3.    MR. RAIMONDI'S CLAIM FOR LOST HYPOTHETICAL**
3               **PROFITS IS UNSUPPORTED BY THE EVIDENCE AND THE**
           **LAW.**

4         Instead of endeavoring to prove what a willing person would have been

5    reasonably required to pay for Olen Properties' actual use of the sculptural designs,

6    Mr. Raimondi endeavored through testimony of his personal opinion (and

7    unsuccessfully, at that) to prove the amount of profit he would have earned by way

8    of hypothetical sales of copies of the copyrighted sculptures to Olen Properties.

9    Even if he was successful in proving such hypothetical profit, which he wasn't, this

10    would nevertheless constitute an insufficient basis upon which to award actual

11    damages.

12         First of all, Mr. Raimondi has presented absolutely no evidence and has

13    cited no authority supporting his position that such hypothetical profit would be in

14    any way be equivalent to a reasonable license fee.  In fact, that position appears to

15    conflate two distinct economic transactions – one involving the sale of a license to

16    use the design of a sculpture and one involving the sale of the sculpture itself.   The

17    sale of a sculpture, though, would have involved economic realities different from

18    the sale of a license to use the design of that sculpture.  Any hypothetical profit to

19    be derived from the sale of an actual sculpture would have been comprised of

20    many things, including but definitely not limited to compensation for Mr.

21    Raimondi's time arranging for the design, manufacture and delivery of the

22    sculptures; for the risk he would have assumed by contracting with the fabricators

23    and by selling objects that, because of their size and weight, could potentially

24    damage property or injure people; and for any overhead that would have been

25    attributable to that business transaction (the latter of which, by the way, he testified

26    he did not consider when calculating his hypothetical profit).  None of this is

27    present in the sale of a license to use a sculpture's design.  Because of that, the jury

28    did not have any direction as to the amount of money a buyer would have been

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR JUDGMENT AS A MATTER OF LAW

reasonably required to pay to display the sculptures as Olen Properties did.  As such, Mr. Raimondi's basis for calculating actual damages is unduly speculative. *Polar Bear, supra,* 384 F.3d at 710 [the amount of actual damages must not be based upon speculation]; *Wall Data, supra,* 447 F.3d at 786.

As a final related point, even if such hypothetical profit is somehow relevant to this analysis, which it isn't, Mr. Raimondi failed to present any evidence as to what a willing buyer would have paid for the sculptures themselves at the inception of the infringement.  Essentially, Mr. Raimondi attempted to show what the fair market value of his sculptures were and to deduct costs from that fair value to arrive at a hypothetical profit figure.  Fair market value, however, is generally defined as what a willing buyer would pay to a willing seller, neither being under any compulsion to enter into the transaction and both having knowledge of all relevant facts.  See, e.g., *United States v. 564.54 Acres of Land* (1979) 441 U.S. 506, 511, 99 S.Ct. 1854 (condemnation action); *United States v. Cartright* (1973) 411 U.S. 546, 551, 93 S.Ct. 1713 (tax action); *In re Taffi* (9th Cir. 1996) 96 F.3d 1190, 1192 (bankruptcy matter).  Although Mr. Raimondi testified as to the price at which he would have been willing to sell the sculptures, he never presented any evidence as to the price at which a willing buyer, who was not under compulsion to enter into the transaction and who had knowledge of all relevant facts, would have purchased them at the time of the infringement.  And, therefore, the very foundation of his calculation is also speculative.[3]

## 4.   MR. RAIMONDI HAS FAILED TO PRESENT SUFFICIENT EVIDENCE SUPPORTING HIS CLAIM FOR PERMANENT INJUNCTIVE RELIEF.

In its accompanying brief in opposition to Mr. Raimondi's request for a permanent injunction, Olen Properties detailed all of the reasons why such an injunction should not issue in this case.  Olen Properties here incorporates by this

---

[3]   Mr. Raimondi's calculation of costs is also speculative in the sense that he failed to take into account overhead, as he so testified.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW

reference all of the arguments raised in that brief.

**C.      CONCLUSION**

Therefore, Olen Properties respectfully requests the Court to grant its motion under Federal Rules of Civil Procedure, Rule 50(a) for judgment as a matter of law.

Respectfully submitted,

Dated:  January 7, 2015          SCHIFFER & BUUS APC


*/s/ William L. Buus        .*
By:  William L. Buus
Attorneys for Defendants
IGOR OLENICOFF and
OLEN PROPERTIES CORP.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR JUDGMENT AS A MATTER OF LAW

**PROOF OF SERVICE**

1

2          I am employed in the County of Orange, State of California.  I am over the

3   age of eighteen (18) years and am not a party to the within action.  My business

4   address is that of 3070 Bristol Street, Suite 530, Costa Mesa, California 92626.

5          On January 7, 2015, at SCHIFFER & BUUS APC, 3070 Bristol Street, Suite

6   530, Costa Mesa, California 92626, following ordinary business practices, I served

7   a true and correct copy of the foregoing document entitled MEMORANDUM OF

8   POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION

9   UNDER F.R.C.P. RULE 50 FOR JUDGMENT AS A MATTER OF LAW on

10  interested parties in this action by placing a true and correct copy of each

11  document thereof, enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| Michael D. Kuznetsky, Esq.<br>mike@kuzlaw.com<br>KUZNETSKY LAW GROUP, P.C.<br>6565 Sunset Blvd., Ste. 311<br>Hollywood, CA 90028<br>Tel.: (818) 753-2450<br>Fax: (818) 736-9099<br><br>Counsel for Plaintiff<br>JOHN RAIMONDI | Gene J. Brockland, Esq.<br>gjb@herzogcrebs.com<br>HERZOG CREBS LLP<br>100 North Broadway, Suite 1400<br>St. Louis, MO 63102<br>Tel: (314) 231-6700<br>Fax: (314) 231-4656<br><br>Counsel for Plaintiff<br>JOHN RAIMONDI |
| Julie A. Ault, Esq.<br>jault@olenproperties.com<br>Leslie Vandale, Esq.<br>lvandale@olenproperties.com<br>7 Corporate Plaza<br>Newport Beach, CA 92660<br>Tel.: (949)719-7212<br>Fax: (949)719-7210<br><br>Counsel for Defendants<br>IGOR OLENICOFF and OLEN<br>PROPERTIES CORP. | |

24         Executed on January 7, 2015, at Costa Mesa, California.  I declare under

25  penalty of perjury under the laws of the United States of America that the

26  foregoing is true and correct.

27                                    */s/ William L. Buus         .*

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR JUDGMENT AS A MATTER OF LAW